IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK HAMILTON, individually and on behalf of all others similarly situated, § § § | |
| Plaintiffs, § § | CIVIL ACTION NO. 4:23-cv-3501<br>FLSA Collective Action |
| v. § § | JURY |
| NORTHSTAR ENERGY SERVICES, INC. § § § | |
| Defendant. § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

COMES NOW, Plaintiff MARK HAMILTON (hereinafter "Hamilton"), individually and on behalf of all others similarly situated, and for this Original Collective Action Complaint against Defendant NORTHSTAR ENERGY SERVICES, INC. (hereinafter "NorthStar"), does hereby state and allege as follows:

NATURE OF THE CASE

1. Mark Hamilton brings this lawsuit to recover unpaid overtime wages and other damages owed by NorthStar Energy Services, Inc. ("NorthStar").

2. NorthStar paid Hamilton and other NorthStar employees like him an hourly rate.

3. Hamilton and other NorthStar employees like him regularly worked in excess of 40 hours in a week.

4. When Hamilton and other NorthStar employees worked more than 40 hours in a week, NorthStar did not pay them the proper overtime rate for their overtime hours.

5. Instead, NorthStar generally paid Hamilton and the workers like him only their regular hourly rate, without any overtime premium.

6. When NorthStar did pay Hamilton and the other workers for working more than 40 hours in a week, their overtime rate was not calculated at 1.5x Hamilton and these workers' "regular rate." 29 U.S.C. § 207 (a), (e).

7. NorthStar's failure to pay overtime wages and to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

8. This collective action seeks to recover the unpaid wages and other damages owed to Hamilton and other workers like him at NorthStar.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because NorthStar maintains its principal office in this District and Division.

11. Hamilton worked for NorthStar in this District and Division.

12. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

13. Mark Hamilton is a natural person who is a resident and citizen of Texas.

14. Hamilton was, at all relevant times, an employee of NorthStar.

15. Hamilton worked for NorthStar from August 2022 to August 2023.

16. Hamilton represents a collective of similarly situated workers under the FLSA. *See* 29 U.S.C. § 216(b). This FLSA Collective is defined as:

> All current and former employees of NorthStar Energy Services, Inc. who were, at any point in the three years between the filing of this complaint and the entry of final judgment, paid on an hourly basis, but whose overtime compensation was not at least 1.5x their regular rate of pay.

17. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Employees."

18. NorthStar Energy Services, Inc. ("NorthStar") is a Texas or North Carolina corporation with its headquarters and principal place of business in Harris County, Texas.

19. NorthStar may be served by service upon its registered agent, Corporation Service Company dba CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

20. At all relevant times, NorthStar was an employer of Hamilton and the within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, NorthStar was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, NorthStar was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. During at least the last three years, NorthStar has had gross annual sales in excess of $500,000.

24. During at least the last three years, NorthStar was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25. NorthStar employs many workers, including Hamilton, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

26. The goods and materials handled, sold, or otherwise worked on by Hamilton and other NorthStar employees and that have been moved in interstate commerce include, but are not limited to, drawings, plans, drafting materials, piping designs, and schematics.

## FACTUAL ALLEGATIONS

27. NorthStar provides engineering, design, procurement, construction and support services to the chemical, petrochemical, pipeline, oil & gas, bulk storage and terminal industries throughout the country. *See* https://services.nses.com/about-us/ (Last Accessed September 15, 2023).

28. Hamilton was an hourly employee of NorthStar.

29. Hamilton was hired as a "Sr. Piping Designer I." This position is that of a drafter which required use of computer-aided design software. *See, e.g.*, 29 C.F.R. § 541.401.

30. Hamilton began his employment with NorthStar on August 2, 2022. NorthStar's own policy is that "[b]illable hours in excess of 40 hours per week will be paid at the regular time rate."

31. NorthStar never paid Hamilton a salary.

32. NorthStar never paid Hamilton on a fee basis.

33. NorthStar paid Hamilton by the hour.

34. NorthStar also paid Hamilton a nondiscretionary bonus.

35. Hamilton reported the hours he worked to NorthStar on a regular basis.

36. Hamilton's hours are reflected in NorthStar's records.

37. Hamilton normally worked more than 40 hours in a week.

38. But Hamilton was not paid an overtime premium for any hours worked in excess of 40 in these workweeks.

39. Hamilton was instead paid at his regular hourly rate for any hours worked in excess of 40 in these workweeks.

40. For example, during the pay period from January 2, 2023 to January 8, 2023, Hamilton's hourly rate was $42 per hour. He worked 63.5 hours that week but was only paid "straight time" of $42 for each hour.

41. On average, Hamilton worked more than 12 hours of overtime each work week. He was never paid time and a half as required by the FLSA.

42. For his overtime hours, Hamilton was paid only his hourly rate of $42 per hour.

43. Thus, Hamilton was not paid an overtime premium at the regular rate required by the FLSA for any of his overtime hours.

44. Hamilton's nondiscretionary bonuses were also not taken into consideration.

45. In other words, Hamilton's overtime pay was not paid based on all remuneration paid to Hamilton, as required by the FLSA. 29 U.S.C. § 207(e).

46. NorthStar was aware of the overtime requirements of the FLSA.

47. NorthStar nonetheless failed to pay certain hourly employees, such as Hamilton, overtime at the rates required by the FLSA.

48. NorthStar's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

49. The illegal pay practices NorthStar imposed on Hamilton were likewise imposed on the FLSA Collective Members.

50. NorthStar employs many other workers who worked over 40 hours per week and were subject to NorthStar's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Based on his experience and tenure with NorthStar, Hamilton is aware that NorthStar' illegal practices were imposed on the FLSA Collective Members.

53. These workers were similarly situated within the meaning of the FLSA.

54. NorthStar' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

55. These employees are victims of NorthStar' unlawful compensation practices and are similarly situated to Hamilton in within the meaning of the FLSA.

56. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

57. NorthStar's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

58. The FLSA Collective members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLAIMS FOR RELIEF

### (COUNT 1 – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - OVERTIME)

59. Hamilton re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein.

60. By failing to pay Hamilton and the FLSA Collective members overtime at 1.5 times their regular rates, NorthStar violated the FLSA. 29 U.S.C. § 207(a).

61. NorthStar owes Hamilton and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

62. NorthStar owes Hamilton and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

63. NorthStar knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Hamilton and the FLSA Collective members.

64. Because NorthStar knew, or showed reckless disregard for whether, its pay practices violated the FLSA, NorthStar owes these wages for at least the past three years.

65. NorthStar's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

66. Because NorthStar's decision not to pay overtime was not made in good faith, NorthStar also owes Hamilton and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

67. Hamilton and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### ATTORNEY'S FEES AND LIQUIDATED DAMAGES

68. Hamilton seeks to recover attorney's fees and costs pursuant to the FLSA, individually and on behalf of the FLSA Collective members.

69. Hamilton requests an award of liquidated damages as permitted by the FLSA, individually and on behalf of the FLSA Collective members.

### LEAVE TO AMEND

70. Hamilton reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

### JURY DEMAND

71. Hamilton requests a trial by jury.

WHEREFORE, premises considered, Plaintiff Mark Hamilton prays that Defendant be summoned to appear herein and answer; further plaintiff prays and requests for the following relief:

    (a)    For an order certifying this a collective action for the FLSA claims;

    (b)    For an order finding NorthStar liable for violations of state and federal wage laws with respect to Hamilton and the FLSA Collective members;

    (c)    For a judgment awarding all unpaid wages, liquidated damages, and

penalties to Hamilton and the FLSA Collective members;

(d) For a judgment awarding costs of this action to Hamilton and the FLSA Collective members;

(e) For a judgment awarding attorneys' fees to Hamilton and the FLSA Collective members;

(f) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law Hamilton and the FLSA Collective members; and

(g) For all such other and further relief as may be necessary and appropriate.

Dated: September 18, 2023

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Hamilton

### DEFENDANTS
NorthStar Energy Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua A. Verde, The Verde Law Firm, PLLC
4600 Hwy 6 N Ste 320, Houston, TX 713-909-4347

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 206

Brief description of cause:
Collective action case under FLSA for unpaid overtime

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/18/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joshua A. Verde

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____